IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS D'ANDRE THOMAS,

                    Petitioner,

          v.                                    CASE NO. 21-3200-SAC

BRIAN C. HILL,

                    Respondent.


<u>**NOTICE AND ORDER TO SHOW CAUSE**</u>


     This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed.

     On August 16, 2021, Petitioner filed a petition for writ of habeas corpus pursuant to § 2241 in Case No. 21-3181-SAC, *Thomas v. Maban*. On August 18, 2021, the Court issued a notice and order to show cause in that action directing Petitioner to show cause, in writing, why the action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Petitioner's response to the order is due September 20, 2021.

     The grounds for relief and the relief sought in *Thomas v. Maban* are substantively identical to those sought in the petition now

---

[1] Petitioner, who is currently confined in the Shawnee County Jail, did not identify a respondent. Thus, Shawnee County Sheriff Brian C. Hill, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

before the Court, which Petitioner filed on August 23, 2021. "Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Thomas v. Mitchell*, 2020 WL 68379 (D. Kan. Jan. 7, 2020) (memorandum and order) (citing *Childs* and ordering habeas petitioner to show cause why an identical petition should not be dismissed as repetitive). Thus, the Court will direct Petitioner to show cause why this matter should not be dismissed as a repetitive filing. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before September 24, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 3rd day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge